UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| F. WILLIAM MESSIER, et al., | ) |
|     Plaintiff | ) |
| v. | ) 2:12-cv-00320-DBH |
| INTERNAL REVENUE, et al., | ) |
|     Defendants | ) |

**RECOMMENDED DECISION**

On or about October 1, 2012, the plaintiffs filed their "Complaint and Motion for Summary Judgment or Jury Trial" in the Superior Court for the State of Maine, Sagadahoc County. The United States removed the case to this Court on October 19, 2012, because it, its agencies, its IRS special agents, the United States Senate, and Senator Susan M. Collins were named as defendants. The two pro se plaintiffs are Messier, who alleges that he is not required to pay taxes because he is "not an officer, agent, [or] employee of the corporate United States" (Complaint (part 1) at 6, ECF No. 1-1 (emphasis omitted)), and David Robinson, whose interest is apparently attributable to his claimed status as the "Interim Attorney General" of the "Maine Free State." (Id. at 25.)

The 89-page complaint flows from the plaintiffs' contentions that the federal income tax is not binding and that the IRS has no authority to levy. The complaint randomly incorporates extrinsic documents, such as "Maine Republic Email Alerts," espousing extreme tax-protestor views. The complaint alleges that Messier has no federal income tax liabilities and that the IRS's levies to his customers were wrongful.

The term "customers" refers to a host of telecommunications companies named as defendants. The plaintiff, F. William Messier, leases real estate in Brunswick, Maine, to several

companies that operate telecommunication towers on his land. Messier allegedly believes he has no obligation to pay federal income tax, for reasons explained in the complaint, including that only federal employees are subject to income tax and "[t]he entire IRS Code is unconstitutional, null, and void . . . ." (Id. at 16.) In accordance with those beliefs, Messier failed to file income tax returns for the years 2000 through 2010. The IRS made assessments against Messier of income tax, and related penalties and interest, for the years 2000 through 2004, based on information provided to the IRS by third parties. The balance of those liabilities, as of October 31, 2012, was $133,990. In early 2012, IRS Revenue Officer Joline Henderson began collecting the liabilities, including by issuing levies to Messier's "customers," *i.e.*, the leaseholders.

The Court now has before it nine motions to dismiss filed by various defendants (ECF Nos. 24, 26-29, 31, 40, 45, and 63) and a host of motions/demands/notices filed by the plaintiffs, including but not limited to ECF Nos. 59, 67, and 68. I now recommend that the Court grant all nine of the motions to dismiss filed by the defendants rendering the numerous pleadings/motions filed by plaintiffs moot. I note that the plaintiffs have filed a tardy (and meaningless) opposition to all of the pending motions to dismiss. (ECF No. 93.)

## DISCUSSION

### *The Telecommunications Companies' Motions*

For ease of reference I will treat all of these motions (seven in total) as identical, although some of the telecommunications defendants have raised issues other than lack of subject matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure. I am confident that this Court lacks jurisdiction to entertain this taxpayer dispute over the IRS claims regarding unpaid federal income taxes and thus I believe no further analysis of the claims and defenses is

necessary.[1] Congress has vested the United States Tax Court with exclusive jurisdiction over challenges to federal income tax liabilities and collection. See Marino v. Brown, 357 F.3d 143, 145-146 (1st Cir. 2004) (addressing challenge to federal tax liability in U.S. District Court in first instance as "completely frivolous" and noting that it is uncontroverted that the Tax Court has exclusive jurisdiction in cases involving income tax liability); Voelker v. Nolen, 365 F.3d 580, 581 (7th Cir. 2004) (determining that exclusive jurisdiction vested in the Tax Court in a case involving requested relief including suspension of IRS collection effort). See also 26 U.S.C. § 7433(a) (permitting a damages claim in the district court against officers or employees of the Internal Revenue Service only for reckless or intentional disregard of tax law in connection with collection activity, not for the imposition or calculation of tax liability).

### *The Town of Brunswick's Motion*

The Town of Brunswick is not responsible for creating or administering federal tax law on behalf of the IRS, so it is a mystery to me why it has been named as a party in this lawsuit. The plaintiffs' complaint contains generalized grievances against the IRS and the federal income tax laws. It does not explain what role, if any, the Town of Brunswick has served in connection with the events giving rise to the lawsuit, other than it is the municipality wherein Messier's real estate is located. The litany of relief requested does not contain any specific reference to the Town of Brunswick, but refers to obtaining relief against fifteen "payors" and the IRS. There is no suggestion that plaintiffs are asserting a claim of municipal liability against the Town of Brunswick under 42 U.S.C. § 1983. I am unable to ascertain any claim against the Town of

---

[1] Because the complaint is devoid of any plausible allegations that would support any theory of liability against any of these telecommunications defendants and because the relief plaintiffs request in the complaint would require these defendants to take measures in violation of legal obligations imposed upon them by federal law, it patently fails to state a claim against this set of defendants under Ashcroft v. Iqbal, 556 U.S. 662 (2009). Thus, to the extent the telecommunications companies have argued they are entitled to dismissal under Fed. R. Civ. P. 12(b)(6) they are entitled to dismissal on that basis as well.

Brunswick and the only claims I can glean from the complaint pertain to income tax laws. I therefore conclude that there is no subject matter jurisdiction in this Court and judgment should enter on behalf of the Town.

*The Federal Defendants' Motion*

The plaintiffs' complaint targets the IRS for acting in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692.   Toward that end the Internal Revenue Service, its Commissioner, its secretary, and three IRS agents have been named as defendants. Additionally Senator Susan Collins and the United States Senate are named defendants. I will address the claims against Senator Collins first.

The plaintiffs' claims against the United States Senate and Senator Collins are jurisdictionally barred, as well as frivolous on the merits.   While the case caption appears to name Senator Collins as a defendant, the only reference to her in the body of the complaint is contained in an attached copy of a July 23, 2012, letter from Plaintiff Robinson to the Senator asking for her help with regard to a matter involving unspecified governmental wrongdoing and stating that he would be filing with the local sheriff a "Citizen Complaint" against her for committing a "Violation Worthy of Arrest" by voting ten years ago in favor of the legislation establishing the Department of Homeland Security.  (Complaint (part 2), ECF No. 1-2, PageID # 71.) The only relief requested against the Senator and/or the Senate is injunctive, namely, that the court  "order the Office of Maine Senator Susan M. Collins to announce the settlement of this case in the House of Representatives in Maine and Washington, D.C."  (Id. (part 1), ECF No. 1-1, Page ID # 7.)  The Senate is not referenced anywhere in the body of the complaint.   The Speech or Debate Clause of the United States Constitution, Article I, Section 6,  provides members of Congress with an absolute immunity that shields them from any sort of attack based

on their "legislative acts"—that is, acts which are "an integral part of the deliberative and communicative process by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House."  Gravel v. United States, 408 U.S. 606, 625 (1972).  While it is unclear why Senator Collins is being sued in this Court, it is clear the complaint against her should be dismissed.

The complaint also targets the Internal Revenue, Douglas H. Shulman, the Commissioner, the Internal Revenue Service, and Manual Dias Saldana, the Secretary of the IRS.  The Internal Revenue Service is not an entity subject to suit, and the "Internal Revenue," which the complaint asserts is a separate governmental defendant from the IRS, does not exist.  Furthermore, the plaintiffs' demands for relief against the federal government and its officials are really claims against the United States itself and such claims are barred by the sovereign immunity doctrine, and the Tax Anti-Injunction Act, 26 U.S.C. § 7421.  The limitations and conditions upon which the United States has waived its sovereign immunity must be strictly observed.  Department of the Army v. Blue Fox, Inc., 525 U.S. 255, 261 (1999).  Plaintiffs have not pointed to any possible waiver of sovereign immunity that would cover the conduct at issue in this complaint.

Finally, the complaint targets three special agents of the IRS who have apparently been involved in the collection efforts relating to Messier.  To the extent the complaint is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*, the Act does not even apply to "any officer or employee of the United States or any State to the extent that collecting or attempting to collect any debt is in the performance of his official duties."  15 U.S.C. § 1692a(6)(C).  To the extent the three agents are targeted for having individually

violated plaintiffs' constitutional rights under a <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971) rationale, the plaintiffs have not stated a plausible claim that would exceed the scope of the defendants' immunity under <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982) (extending qualified immunity over actions that do not violate a "clearly established statutory or constitutional right of which a *reasonable* person would have known") (emphasis added).

In the final analysis plaintiffs' complaint is simply a conglomeration of well-worn taxpayer protest arguments. These arguments have been considered and uniformly rejected by courts for years. <u>See</u>, <u>e.g.</u>, <u>United States v. Gerards</u>, 999 F.2d 1255, 1256 (8th Cir. 1993) (rejecting claim that citizenship of state precludes citizenship of United States); <u>Ryan v. Bilby</u>, 764 F.2d 1325, 1328 (9th Cir. 1985) (holding that Internal Revenue Code was properly enacted); <u>Knoblauch v. Comm'r of Internal Revenue</u>, 749 F.2d 200, 201 (5th Cir. 1984) (rejecting claim that the Sixteenth Amendment was not properly ratified); <u>see</u> <u>also</u> <u>Donaldson v. United States</u>, 400 U.S. 517, 534 (1971) (declaring that the IRS is an agency of the federal government and not a private company; superseded by statute on other grounds involving IRS authority to examine third party documents); <u>Brushaber v. Union Pac. R.R.</u>, 240 U.S. 1, 18-19 (1916).

## CONCLUSION

I recommend that the Court grant the motions to dismiss filed by all defendants. All motions filed by the plaintiffs should be terminated as moot once the motions to dismiss are granted.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being

served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

| | |
|---|---|
| January 7, 2013 | /s/ Margaret J. Kravchuk |
| | U.S. Magistrate Judge |